UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDRICK S. CATO, | No. 2:23-cv-1903 CKD P |
| Plaintiff, | |
| v. | ORDER |
| S. POHOVICH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Having conducted the required screening the court finds that plaintiff may proceed on the following claims:

1. Claim 1, use of excessive force in violation of the Eighth Amendment against defendants Pohovich, Best, Georgette, and Cary in an incident occurring on August 24, 2022; and

2. Claim 2, a violation of the First Amendment in retaliation for protected conduct against defendants Georgette and Best.

At this point, plaintiff has two options: he can proceed immediately on the claims identified above or he can file an amended complaint in an attempt to cure the deficiencies with respect to any other claims and defendants.

If plaintiff chooses to proceed immediately on the claims identified above, the court will construe this as a request to voluntarily dismiss any other claims and defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

If plaintiff chooses to file an amended complaint with any claims and/or defendants other than those identified above, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). For example, a warden is not liable for all violations occurring at the warden's prison; the warden has to actually be involved in the violation to be held liable.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a

general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

In accordance with the above, IT IS HEREY ORDERED that:

1. Plaintiff has the option to proceed immediately on the claims described herein. Alternatively, plaintiff may choose to file an amended complaint.

2. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file an amended complaint.

3. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims and proceed only on the cognizable claims identified above.

4. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

Dated:  May 17, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDRICK S. CATO,<br><br>    Plaintiff,<br><br>v.<br><br>S. POHOVICH, et al.,<br><br>    Defendants. | No.  2:23-cv-1903 CKD P<br><br>NOTICE OF ELECTION |

**Check only one option:**

_____  1. Plaintiff wishes to proceed on the following claims:

   Claim 1, use of excessive force in violation of the Eighth Amendment against defendants Pohovich, Best, Georgette, and Cary in an incident occurring August 24, 2022; and

    Claim 2, a violation of the First Amendment in retaliation for protected conduct against defendants Georgette and Best.

**OR**

_____  2. Plaintiff wants time to file a first amended complaint.


DATED: _____                                               _____

                                                                                    Plaintiff