UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDRICK S. CATO, | No. 2:23-cv-1903 CKD P |
| Plaintiff, | |
| v. | ORDER |
| S. POHOVICH, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Both parties have consented to magistrate judge jurisdiction, see 42 U.S.C. § 636. This action proceeds on the following claims:

1. Claim 1, use of excessive force in violation of the Eighth Amendment against defendants Pohovich, Best, Georgette, and Cary with respect to an incident occurring on August 24, 2022; and

2. Claim 2, a violation of the First Amendment in retaliation for protected conduct against defendants Georgette and Best.

Defendants Georgette and Best move to dismiss Claim 2 under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

1 action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,
2 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
3 statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim
4 upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A
5 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
6 the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.
7 at 678. When considering whether a complaint states a claim upon which relief can be granted,
8 the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) and
9 construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
10 U.S. 232, 236 (1974).

11 In Claim 1 of his complaint (ECF No. 1), plaintiff alleges that on August 24, 2022,
12 defendants Georgette and Best used excessive force against plaintiff. In Claim 2 plaintiff alleges
13 that on the same day, defendants Best and Georgette "destroyed, broke, and lost plaintiff's
14 property." Id. at 4. While plaintiff alleges that the destruction of the property was due to the
15 filing of a grievance against the defendants (ECF No. 1 at 22), plaintiff did not file an excessive
16 force grievance until months after the incident. Id. at 13. Thus, plaintiff's assertion that his
17 property was destroyed as a result of the filing of a grievance regarding excessive force does not
18 withstand scrutiny: because the destruction of plaintiff's property preceded the protected conduct
19 (i.e. the filing of the grievance) the destruction of the property cannot be said to have been in
20 retaliation for the protected conduct.

21 Plaintiff filed what the court construes to be an opposition to defendant's motion to
22 dismiss on February 11, 2025, but fails to address the timing of events. ECF No. 32. While
23 plaintiff does not admit the destruction of property occurred before the filing of the grievance, he
24 does not deny it either. Id. The court does not consider this fact in deciding whether the
25 complaint fails to state a claim for a violation of the First Amendment as the court must only
26 consider the content in the complaint itself. Rather, it indicates that providing plaintiff an
27 opportunity to amend his pleadings as to this claim would be futile.
28 /////

1 | For all of these reasons, defendant's motion to dismiss plaintiff's remaining First Amendment claim will be granted and all remaining defendants will be ordered to file an answer concerning the remaining Eighth Amendment claim.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Georgette and Best's motion to dismiss claims arising under the First Amendment against them (ECF No. 24) is GRANTED; and

2. All remaining defendants shall file an answer with respect to plaintiff's remaining Eighth Amendment claim within 21 days.

Dated: May 7, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
cato1903.mtd